ALD-228                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2457
_____

PATRICK D. TILLIO, SR., Appellant

v.

DR. ROCIO NELL; NORRISTOWN STATE HOSPITAL; DEPARTMENT OF
PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA; CHESTER
COUNTY COURT; DELAWARE COUNTY COURT; MONTGOMERY COUNTY
EMERGENCY SERVICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02420)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: July 30, 2012 )
_____

OPINION
_____

PER CURIAM.

        Patrick D. Tillio, Sr. ("Tillio"), proceeding pro se and in forma pauperis, appeals

from the District Court's May 7, 2012 order dismissing his complaint.  We will

summarily affirm.

**I.**

In April 2012, Tillio filed an application to proceed in forma pauperis and a complaint alleging that several defendants were violating his civil rights by conducting surveillance on him and his son. (Dkt. No. 3.) On May 7, 2012, the District Court granted Tillio leave to proceed in forma pauperis, but dismissed his "rambling and unclear" complaint without prejudice. (Dkt. No. 2.) Tillio was granted leave to amend his complaint within thirty days.

Rather than filing an amended complaint, Tillio filed a Notice of Appeal on May 21, 2012. The Clerk notified Tillio of a potential jurisdictional defect pursuant to Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam), and that his appeal would be submitted for possible summary action. Tillio did not respond.

**II.**

Normally, an order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli, 532 F.2d at 951. Such an order becomes final and appealable, though, if the plaintiff "declares his intention to stand on his complaint" instead of amending it. Id. at 952.

There is no "clear rule for determining when a party has elected to stand on his or her complaint." Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). However, when the District Court has provided a set amount of time within which to amend, and the plaintiff fails to do so, the Court may conclude that the plaintiff elected to stand on his Complaint. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992); see also Hagan, 570

2

F.3d at 151 (concluding that plaintiffs stood on their complaints because they filed notices of appeal rather than amending within specified time period); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (same).

Tillio filed a Notice of Appeal, instead of amending his complaint, within the thirty-day window provided by the District Court. Therefore, Tillio elected to stand on his complaint, and the order of the District Court is final and appealable. We have jurisdiction over his appeal.

Having determined that jurisdiction is proper, we will summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6. We agree with the District Court that Tillio's complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a). He claimed that "this women Dr. Nell" and the Horsham and Lower Merion Police Departments were violating his civil rights through "scam surveillance." (Dkt. No. 3, pp. 3-4.) He does not describe any factual basis for Dr. Nell's alleged liability, nor does he name any individual police officers or state a factual basis for the police departments' alleged liability. Even given the most liberal reading, Tillio's complaint does not contain the requisite "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal was therefore appropriate. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007)).

3

**III.**

The District Court properly dismissed Tillio's complaint and allowed him leave to amend. We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.